## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **MARK ZEHNER**<br>2797 Chadington Circle<br>Uniontown, OH 44685<br><br>        Plaintiff,<br><br>    v.<br><br>**DYNAMIC RECOVERY<br>SOLUTIONS,LLC**<br>c/o National Registered Agents, Inc.<br>1300 East 9th<br>Cleveland, OH 44114<br><br>        Defendant. | )<br>)  Case No:  5:14-cv-190<br>)<br>)  JURY DEMAND REQUESTED<br>)<br>)  **VERIFIED CIVIL COMPLAINT**<br>)  **(Unlawful Debt Collection Practices)**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## VERIFIED COMPLAINT

PLAINTIFF, MARK ZEHNER (Plaintiff), by his attorneys, KAHN AND ASSOCIATES, L.L.C., alleges the following against DEFENDANT, DYNAMIC RECOVERY SOLUTIONS, LLC (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business in Ohio, personal jurisdiction is established.

4.  Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5.  Plaintiff is a natural person who resides in the City of Uniontown, Summit County, Ohio and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

6.  Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

7.  Defendant is a South Carolina corporation and debt collector with an office in Greenville, South Carolina.

8.  Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

9.  Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. Defendant is seeking to contact the Plaintiff regarding contact or other location information for an alleged consumer debtor that Defendant identifies as "Adrienne Adkins."

11. Upon information and belief "Adkins" is an alleged consumer debtor, Defendant is seeking to collect a consumer debt from this individual, and Defendant is contacting Plaintiff to facilitate collection of the debt from this individual.

12. Defendant, using various telephone numbers including 866.606.9942 and unknown numbers, places calls to Plaintiff at telephone number 330.961.7120 through May 2013.

13. When specifically requested, Defendant has refused to provide its contact information to Plaintiff or its company name.

14. Plaintiff has advised Defendant on numerous occasions that he does not know "Adkins," that "Adkins" cannot be reached through Plaintiff's telephone number or address, and that Defendant should cease any further contact of the Plaintiff.

15. When Plaintiff begins to advise Defendant that it is calling in error, Defendant hangs up on the Plaintiff.

16. Defendant's phone calls to Plaintiff are excessive under the circumstances and are not placed for any legitimate purpose. Defendant is calling Plaintiff with the intent of annoying or harassing him.

17. Plaintiff has never requested Defendant contact him and, having been informed numerous times that it is calling the wrong number, Defendant has no reasonable basis for belief that Plaintiff's earlier response was in error or that Plaintiff will now provide complete contact information.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

a. Defendant violated *§1692b(1)* by, in a communication with a person other than the consumer, failing to identify himself, failing to state that he is confirming or correcting location information, or, when expressly asked, failing to identify his employer.

b. Defendant violated *§1692b(3)* by, in a communication with a person other than the consumer, communicating with that person more than once unless requested to do so by that person, or without the reasonable belief that the earlier response was erroneous or incomplete and that the person now has correct or complete location information.

c. Defendant violated *§1692d* by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

d. Defendant violated *§1692d(5)* by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

e. Defendant violated *§1692d(6)* by placing telephone calls without meaningful disclosure of the caller's identity.

WHEREFORE, Plaintiff, Mark Zehner, respectfully requests judgment be entered against Defendant, for the following:

19. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

20. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

21. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Mark Zehner, requests a jury trial in this case.

RESPECTFULLY SUBMITTED,

KAHN & ASSOCIATES, L.L.C.

_____/s/ J. Daniel Scharville_____
**J. DANIEL SCHARVILLE (0071132)**
dscharville@kahnandassociates.com
6200 Rockside Woods Blvd., Suite 215
Independence, Ohio 44131
Ph.:  (216) 621-6101
Fax:  (216) 621-6006
Attorney for the Plaintiff